Case 3:13-cv-03303-M-BF Document 10 Filed 09/17/13 Page 1 of 5 PageID 41

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 17 2013
CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE G. DE LA GARZA, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>VA GRANT PER DIEM AND )<br>SALVATION ARMY, )<br>    Defendants. ) | No. 3:13-CV-3303-M |

### FINDINGS CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### BACKGROUND

Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the Veterans Administration ("VA") and the Salvation Army. The Court has not issued process pending judicial screening.

Plaintiff states he lives in a Salvation Army apartment that is funded by the VA. He states he is disabled and that he requested an apartment designed for the disabled. He learned there were two such apartments, but they were both occupied by non-disabled veterans. Plaintiff states he had to wait until one of the two apartments was vacant before he was allowed to move into an apartment for the disabled. He claims that in his regular apartment, he slipped in the shower and sustained injuries because the shower was not designed for a disabled person. He sues for negligence and abuse.

## SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## DISCUSSION

1.  **Veterans Administration**

The Federal Tort Claims Act ("FTCA") contains a limited waiver of sovereign immunity allowing suit against the United States. *See* 28 U.S.C. § 2671, *et seq.* Under the FTCA, however, exhaustion of administrative remedies is a jurisdictional prerequisite. The FTCA bars a claimant from bringing suit in federal court unless he filed an administrative claim with the appropriate federal agency and either obtained a written denial or waited six months. *See* 28 U.S.C. § 2675(a). In *McNeil v. United States*, 508 U.S. 106, 112 (1993), the Supreme Court held that failure to completely exhaust administrative remedies prior to filing a claim under the FTCA is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed.

Subsequent to *McNeil*, the Fifth Circuit reaffirmed that exhaustion of administrative remedies is jurisdictional where the United States is a defendant, and that the requirement cannot be waived. *Price v. United States*, 69 F.3d 46, 54 (1995). Therefore, a prematurely filed FTCA claim "cannot become timely by the passage of time after the complaint is filed." *Id.* (citing *McNeil*, 508 U.S. at 106).

In his answers to the Magistrate Judge's Questionnaire, Plaintiff states he "tried to speak" to someone at the VA. (Magistrate Judge's Questionnaire, Answer No. 2). Plaintiff, however, has failed to show he filed an administrative claim. Plaintiff's claims against the VA should therefore be dismissed without prejudice for lack of jurisdiction.

2.  **Salvation Army**

Plaintiff states he sues the Salvation Army for negligence and abuse. Plaintiff, however, has failed to show federal jurisdiction over his claims.

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001).

Plaintiff has failed to allege federal question or diversity jurisdiction under 28 U.S.C. §1331 or § 1332. Plaintiff asserts no federal statutory or constitutional basis for this suit. His claims, if any, appear to arise under state law. Additionally, diversity jurisdiction requires that: (1) there is diversity of citizenship between the parties; and (2) the amount in controversy

exceeds $75,000. 28 U.S.C. § 1332. Plaintiff lists his address and the Salvation Army's address as Dallas, Texas. Plaintiff also does not state an amount in controversy. It is not facially apparent from Plaintiff's pleadings that the amount in controversy exceeds $75,000, nor has Plaintiff submitted any other evidence regarding the amount in controversy. The party seeking to invoke federal diversity jurisdiction has the burden to prove that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. Of Tex.*, 351 F.3d 636, 638-39 (5th Cir. 2003).

Courts have a continuing obligation to examine the basis for jurisdiction. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise the jurisdictional issue at any time. *Id.* Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." Because it appears that the Court lacks subject matter jurisdiction, Plaintiff's claims against the Salvation Army should be dismissed.

## RECOMMENDATION

The Court recommends that Plaintiff's complaint be dismissed without prejudice for lack of jurisdiction.

Signed this 17 day of Sept, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).